**UNITED STATES of America,
Plaintiff-Appellee**

v.

**Jackie TRAMMELL, also known as
Jackie Trammel, Defendant-
Appellant**

**No. 16-51386
Summary Calendar**

United States Court of Appeals,
Fifth Circuit.

Filed January 30, 2018

Joseph H. Gay, Jr., Assistant U.S. At-
torney, Angela Sandoval Raba, Assistant
U.S. Attorney, U.S. Attorney's Office,
Western District of Texas, San Antonio,
TX, for Plaintiff-Appellee

Nelson Ebaugh, Esq., Houston, TX, for
Defendant-Appellant

Before STEWART, Chief Judge, and
ELROD and HIGGINSON, Circuit
Judges.

PER CURIAM:*

Jackie Trammell appeals his conviction
and sentence for conspiring to possess
with intent to distribute methamphet-
amine. Trammell was sentenced to 20
years in accordance with a plea agreement
and Federal Rule of Criminal Procedure
11(c)(1)(C). He contends that the district
court abused its discretion by denying his
motion to withdraw his guilty plea.

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

The motion to withdraw the plea was
based on Trammell's assertion that he was
inadequately informed that his potential
sentence without the plea agreement
would have been much higher than 20
years. He contended then, as he does now,
that he thought he would face sentencing
as a career offender but that the career
offender enhancement turned out to be
inapplicable to one of his prior offenses
under *United States v. Hinkle*, 832 F.3d
569 (5th Cir. 2016), which this court decid-
ed after Trammell pleaded guilty but be-
fore he was sentenced. Trammell does not
dispute that he faced a statutory mandato-
ry minimum sentence of 20 years under 21
U.S.C. § 841(b)(1)(B)(viii).

After a plea is accepted, but before sen-
tencing, a district court may allow with-
drawal of a guilty plea if "the defendant
can show a fair and just reason." FED. R.
CRIM. P. 11(d)(2)(B). We afford broad
discretion to a district court's denial of a
motion to withdraw a guilty plea. *United
States v. Carr*, 740 F.2d 339, 344 (5th Cir.
1984). A district court abuses its discretion
if it makes an error of law or a clearly
erroneous factual finding. *United States v.
McKnight*, 570 F.3d 641, 648-49 (5th Cir.
2009). In evaluating a motion to withdraw
a guilty plea, a court considers the totality
of circumstances, including seven tradition-
al factors:

(1) whether or not the defendant has
asserted his innocence; (2) whether or
not the government would suffer preju-
dice if the withdrawal motion were
granted; (3) whether or not the defen-
dant has delayed in filing his withdrawal
motion; (4) whether or not the withdraw-
al would substantially inconvenience the
court; (5) whether or not close assistance
of counsel was available; (6) whether or
not the original plea was knowing and

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

voluntary; and (7) whether or not the withdrawal would waste judicial resources.

*Carr,* 740 F.2d at 343-44. No single factor is determinative. *United States v. Badger,* 925 F.2d 101, 104 (5th Cir. 1991). Trammell had the burden of establishing a fair and just reason for withdrawal. *See United States v. Powell,* 354 F.3d 362, 370 (5th Cir. 2003).

The district court committed no error of law and did not make any clearly erroneous factual finding. In particular, we conclude that Trammell had the close and adequate assistance of plea counsel and that his plea was knowing and voluntary. Trammell was fully informed and aware of the possibility, however uncertain, that he might be able to challenge his career offender status or that some unforeseeable change in the law might lower his sentencing exposure under the Federal Sentencing Guidelines after he pleaded guilty. Although his choice was difficult, it was not involuntary. *Cf. Bordenkircher v. Hayes,* 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) (noting that the negotiation of pleas inevitably and permissibly presents a defendant with difficult choices). Moreover, "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate ... that the maximum penalty for the crime in question was less than was reasonably assumed at the time the plea was entered." *Brady v. United States,* 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

The district court did not abuse its discretion, and its judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.